# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TRISTON D. WILKINSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:20-cv-00705 |
| CREDIT MANAGEMENT, LP, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TRISTON D. WILKINSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT MANAGEMENT, LP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

1

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Lincoln County, Missouri, which falls within the Eastern District of Missouri.

5. Defendant is a third-party debt collector and a subsidiary of The CMI Group.[1]  Defendant's principal place of business is located at 6080 Tennyson Parkway, Suite 100, Plano, Texas, and is registered at 1999 Bryan Street, Suite 900, Dallas, Texas.  Defendant uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Missouri.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In February 2020, Plaintiff accessed his consumer credit report, and much to his dismay, noticed that Defendant was reporting a purported debt ("subject debt") owed to Charter Communications ("Charter").

8. Plaintiff was confused by this reporting, as Plaintiff did not owe Charter a balance, given the fact that he terminated his service a couple years ago and paid off any remaining balance at that time.

9. In addition, Defendant listed the account as opened on 08/28/2019, when in fact, Plaintiff subscribed to Charter's services several years ago.

10. As a result, Plaintiff called Defendant and explained that Defendant was incorrectly reporting the Charter account on his credit file.

---

[1] https://www.thecmigroup.com/contact

11. Plaintiff supplied Defendant with all of his personal information, and Defendant indicated that the account belonged to an individual named "Octavius Taylor."

12. Plaintiff is unfamiliar with anyone by that name, so he informed Defendant as such and reiterated that Defendant should not be reporting the subject debt on his credit file as he did not owe a balance.

13. Upon information and belief, Defendant falsely communicated to TransUnion, LLC, a credit reporting agency ("CRA"), that the subject debt belonging to an unknown third-party actually pertains to Plaintiff.

14. In spite of Plaintiff's multiple efforts to remedy Defendant's error, Defendant has refused to correct the false information it has communicated to the CRAs.

15. Frustrated with Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

16. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

18. As a result of the conduct, actions, and inaction of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, time and money expended meeting with his attorneys, monitoring his credit file, and mental and emotional pain and suffering.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2008.[2]

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

25. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to communicate to the credit bureaus that Plaintiff owed the subject debt when both Charter and

---

[2] https://www.acainternational.org/search#memberdirectory

4

Defendant confirmed that Plaintiff did not owe the subject debt. Even still, Defendant continued to communicate that Plaintiff's Charter account had an outstanding balance. Consequently, Defendant knowingly communicated false credit information and its actions only served to worry and confuse Plaintiff.

26. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her as she did not owe the subject debt, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

27. Defendant was aware that the account it was reporting on Plaintiff's credit file belonged to a different individual.  However, rather than correcting its blatant error after multiple disputes by Plaintiff, Defendant has persisted in its wrongful reporting.

    **b.  Violations of FDCPA § 1692f**

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendant acted unfairly and unconscionably when it knowingly reported false credit information regarding Plaintiff.

WHEREFORE, Plaintiff, TRISTON D. WILKINSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 29, 2020

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Missouri
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com